**United States District Court**
For the Northern District of California

1
2
3                   UNITED STATES DISTRICT COURT
4                   NORTHERN DISTRICT OF CALIFORNIA
5
6
7   LEA ARELLANO, et al.,
8           Plaintiffs,                    No. C 10-4534 PJH
9       v.                                 **ORDER GRANTING MOTION
                                           TO REMAND AND VACATING**
10  LISA VOGEL, et al.,                    **HEARING DATE**
11          Defendants.
    _____/
12
13          The court is in receipt of plaintiffs' motion to remand the action, and defendants'

14  motions to dismiss, set for hearing on December 15, 2010 before this court.  Today – one

15  day before the hearing, and outside the time limits contemplated by Civil Local Rule 7-7(e)

16  – defendants Lisa Vogel ("Vogel") and We Want the Music Company ("WWTMC") filed a

17  notice of withdrawal requesting that both their opposition to plaintiffs' motion to remand,

18  and their motion to dismiss, be taken off calendar.  Having read all the papers submitted

19  and carefully considered the relevant legal authority, the court hereby GRANTS plaintiffs'

20  motion to remand, for the reasons detailed below and in light of the foregoing defendants'

21  recent notice of withdrawal of their opposition.  Defendants Vogel and WWTMC's motion to

22  dismiss is also WITHDRAWN, and the court DENIES the remaining defendants' motions to

23  dismiss as moot.

24          The parties' dispute in connection with plaintiffs' motion to remand revolves around a

25  single issue: determining the state of citizenship for corporate defendant WWTMC and

26  individual defendant Vogel.  As a preliminary matter, both parties agree on the relevant

27  legal standards to be applied in making this determination.  With respect to determining a

28  corporation's citizenship, a corporation is deemed to be "a citizen of any State by which it

**United States District Court**
For the Northern District of California

1   has been incorporated and of the State where it has its principal place of business."  See
2   28 U.S.C. 1332(c).  In determining in turn a corporation's principal place of business, the
3   Supreme Court has recently clarified that "'principal place of business' is best read as
4   referring to the place where a corporation's officers direct, control, and coordinate the
5   corporation's activities."  See Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010).  In other words,
6   it is the place that various appellate courts – including the Ninth Circuit – have previously
7   called "the corporation's 'nerve center.'"  Id.  An individual's state of citizenship, by contrast,
8   is determined by the state in which the individual is domiciled.  See Kanter v.
9   Warner-Lambert Co., 265 F.3d 853 (9th Cir. 2001)("A person's domicile is her permanent
10  home, where she resides with the intention to remain or to which she intends to return").

11      The parties also agree that the burden of persuasion for establishing diversity
12  jurisdiction remains on the party asserting it.  See Kokkonen v. Guardian Life Ins. Co. of
13  America, 511 U.S. 375, 377 (1994).  Here, because the instant action was removed from
14  state court by defendants WWMTC and Vogel, that means that defendants bear the burden
15  of persuasion in establishing the propriety of diversity jurisdiction in the face of plaintiffs'
16  motion to remand.

17      Turning to the merits of the remand motion, the court first addresses the parties'
18  arguments as to WWTMC's citizenship.  To determine WWTMC's citizenship, the court
19  must identify the state in which WWMTC has its "principal place of business," and more
20  specifically, whether this state is California (as plaintiffs contend), or Michigan (as
21  defendants contend).

22      In arguing that WWTMC's principal place of business is located in California,
23  plaintiffs point out: WWTMC has an office located in Oakland, California, which is staffed by
24  defendant Vogel – who is an executive officer of WWTMC – and other full-time employees
25  of WWTMC 8 to 9 months out of every year; that several of the named plaintiffs had
26  contacts with WWTMC and Vogel in the Oakland office related to volunteer activities, and
27  for purposes of making arrangements to attend the festival put on in Michigan by WWTMC;
28

**United States District Court**
For the Northern District of California

1   that WWTMC's website indicates that audition tapes for the 2011 music festival should be

2   mailed to WWMTC's P.O. Box in California, and that the Michigan address for WWTMC

3   listed on the website has all mail forwarded to WWTMC's California P.O. Box; that

4   WWTMC owns a vehicle registered in California, has a telephone number listed in the

5   Oakland directory, and has full-time employees who are full time residents of Alameda

6   County; and that although WWTMC's registered address for service of process is in

7   Michigan, the address listed does not correspond with WWMTC's business, and WWTMC

8   was in fact served with process at the Oakland office.  See, e.g., Dineen Decl., ¶¶ 5-8;

9   Osborne Decl., ¶¶ 4, 8, 16; Arellano Decl., ¶¶ 5-6; Drucker Decl., ¶¶ 5-6; Nossardi Decl., ¶

10  4; see also Coates Decl., ¶ 11; id. at Exs. 1, 3, 7-8, 11; Youmans Decl., ¶¶ 10-12, id. at

11  Exs. 4-5.

12        Defendants, by contrast, contend that plaintiffs' cited facts are insufficient to

13  establish that California is actually WWTCM's "nerve center," because none of the facts

14  relied on by plaintiffs establish that WWTCM's activities are directed, controlled, or

15  coordinated from the California office.  Rather, defendants assert that the following

16  demonstrate that the primary direction and control of the annual festival that WWTCM is

17  tasked with executing occur in Michigan, not California: Michigan's office is open and

18  employs full time employees for 3 months out of each year (coinciding with the festival); the

19  California staff relocates to Michigan every June, shutting down the California office

20  completely; that during the foregoing 3 months, WWTMC's executive management

21  prepares for and produces the annual festival in Michigan; that this direction and control

22  during the summer months involves processing 90 to 95% of ticket sales for the festival,

23  evaluating and coordinating production equipment, purchasing gas, plumbing, and food for

24  the festival, coordinating the building of stages and installing electrical, water, and phone

25  systems for the festival; and that 3 to 4 weeks are spent in Michigan after each summer's

26  festival, planning and coordinating for the next year's festival.  See, e.g., Vogel Decl. ISO

27  Remand Opp., ¶¶ 16-35.  According to defendants, it is the "administration" of the "results

28

United States District Court
For the Northern District of California

1   of the planning meetings in Michigan" that continue during the remainder of the business

2   year at WWTCM's California office.

3         While the parties' competing positions present a close question for the court, the

4   close nature of the question ultimately counsels in favor of remand.  It is apparent, for

5   example, that WWTCM has an actual presence in Michigan for 3 to 4 months out of the

6   year, during which time WWTCM's Michigan office dedicates itself entirely to putting on and

7   producing the music festival that is WWTCM's primary objective.  It is also apparent,

8   however, that for the remaining 8 to 9 months of the year, WWTCM's staff is based in the

9   California office, and runs all functions relating to the festival from there.  And while

10  defendant seeks to label these functions as mere "administrative" functions that are

11  somehow distinct from those functions involving direction, control, and coordination of

12  WWTCM's activities, defendants present no facts that adequately or clearly distinguish the

13  "administrative" functions performed by the Oakland office during the majority of each year,

14  from those performed by WWTCM's Michigan office during the summer months.  Moreover,

15  plaintiffs correctly point out that, the "nerve center" test as previously illuminated by the

16  Ninth Circuit prior to its adoption by the Supreme Court, acknowledged that a corporation's

17  principal place of business is not simply coterminous with the presence of "executive"

18  functions, but "administrative" ones, as well.  See, e.g., Industrial Tectonics, Inc. v. Aero

19  Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).  Thus, defendants' failure to adequately

20  distinguish WWTCM's administrative functions from its purported executive functions,

21  makes a ready answer difficult to ascertain.

22        In view of the parties' competing factual showings, and the uncertainty that results

23  from attempting to cull from these showings a definitive answer as to WWTCM's actual

24  "nerve center," the court is unable to affirmatively find that WWTCM is a citizen of Michigan

25  – as defendants assert, and as is necessary for the court to exercise diversity jurisdiction

26  over the action.  Accordingly, the court is bound to resolve such uncertainty in favor of

27  remand.  See Guas v. Miles, Inc., 980 F.2d 564 (9th Cir. 1992)(doubts about removability

28

1   are resolved in favor of remanding the case to state court); Shamrock Oil & Gas Corp. v.

2   Sheets, 313 U.S. 100, 108-09 (1941).

3        In view of the foregoing analysis, the court finds it unnecessary to determine

4   defendant Vogel's actual state of citizenship, and notes only that some of the same factual

5   uncertainties arising in the context of WWTCM's citizenship, also arise in connection with

6   Vogel's citizenship.

7        For all the foregoing reasons, and furthermore in light of Vogel and WWTMC's non-

8   opposition to plaintiffs' motion to remand, the court hereby GRANTS plaintiffs' motion.

9   Because remand is granted, the court does not reach the substance of defendants'

10  corresponding motions to dismiss and those motions are DENIED as moot, in view of the

11  remand.  The denial is, of course, without prejudice to the renewal of the motions in state

12  court, if appropriate.

13       The hearing on the parties' motions, originally set for December 15, 2010, is hereby

14  VACATED.

15  **IT IS SO ORDERED.**

16  Dated: December 14, 2010

17                                                   _____
                                                     PHYLLIS J. HAMILTON
18                                                   United States District Judge

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

5